CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
May 14, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TONY A. MESSER, et al.,** | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:24CV00037 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **GARRISON INVESTMENT GROUP LP, et al.,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendants. | ) |

*Mary Lynn Tate*, TATE LAW PC, Abingdon, Virginia, for Plaintiffs; *Mark H. Churchill*, HOLLAND & KNIGHT LLP, Tysons, Virginia, for Defendants.

The plaintiffs in this case are former employees in a manufacturing plant. They won a class-action money judgment against the corporate operator of the plant for failure to give proper notice of the plant's closing in violation of the Worker Adjustment and Retraining Notification Act of 1988 (the WARN Act) and for failure to validly eliminate a severance plan prior to the employees' termination. In this new action, the plaintiffs seek to have the judgment also imposed against an alleged parent company and multiple companies and individuals, based on alter ego or veil-piercing theories. The defendants move to dismiss on multiple grounds, including lack of subject-matter jurisdiction. For the reasons that follow, I must grant the defendants' motion.

I. BACKGROUND.

The plaintiffs, on behalf of themselves and others similarly situated, seek to collect a judgment that was entered against Bristol Compressors International, LLC (BCI) in an earlier action before me, *Messer v. Bristol Compressors International, LLC*, No. 1:18CV00040. The plaintiffs are former employees of BCI who were terminated because of a plant closure. In the previous case, brought against BCI and Garrison Investment Group, LP (Garrison), the plaintiffs claimed that the two defendants did not comply with the WARN Act in giving sufficient notice to the employees of the plant before it closed. They also alleged that the defendants failed to validly terminate the employee severance plan prior to closing, thus owing the plaintiffs severance benefits under the plan.

Initially, the plaintiffs alleged that Garrison "acquired an interest in [BCI] and participated in or directed its recent operations including the structure and sequence of closing the plant and employee termination." Compl. 5, No. 1:18CV00040, ECF No. 1. And that both defendants "individually and jointly, constitute[d] employers as defined by 29 U.S.C. § 2101(a)(1), for purposes of the WARN Act, because each participated in and was responsible for implementing the plant closing structure and management decisions that form the basis of the instant action." *Id.* at 6.

After the certification of three subclasses of plaintiffs, discovery continued until the defendants submitted summary judgment motions. Garrison moved for

summary judgment on the plaintiffs' single-employer theory of liability under the WARN Act. Mem. Supp. Mot. Summ. J., No. 1:18CV00040, ECF No. 66. The plaintiffs did not file an opposition to the motion for summary judgment, but instead moved to voluntarily dismiss Garrison under Federal Rule of Civil Procedure 41(a)(2). Mot. Dismiss, No. 1:18CV00040, ECF No. 86. The reason given was "to preserve counsel, party and court resources as the parties complete briefing and argue Bristol's Motions for Partial Summary Judgment and prepare for the pending [] March trial, which plaintiffs believe should focus on the liability of Bristol Compressors for the Warn Act violations alleged in the complaint." *Id.* at 1. Garrison opposed the motion. It argued that

> Plaintiffs know that [BCI] is insolvent. The company is, and will remain, incapable of satisfying any judgment Plaintiffs could obtain. That reality is why Plaintiffs named Garrison as a defendant and asserted the single employer theory under the Department of Labor regulations, 20 C.F.R. § 639.3(a)(2). And that reality is why the claim against Garrison must be dismissed with prejudice now, or litigated to a conclusion with Garrison remaining a party to the case.

Opp'n Mot. Dismiss 2, No. 1:18CV00040, ECF No. 88. I granted the plaintiff's motion to dismiss without prejudice because "a plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant" and Garrison had not "shown sufficient legal prejudice to justify denying" the motion. *Messer v. Bristol Compressors Int'l, LLC*, No. 1:18CV00040, 2020 WL 1472217, at *12–13 (W.D. Va. Mar. 26, 2020) (citation and alteration omitted). I

also granted BCI's motions for partial summary judgment related to the elimination of the employee severance plan; and for summary judgment on all claims by employees who signed a Stay Bonus Letter Agreement (SBLA). Summary judgment on all WARN Act claims for four of the plaintiffs (the Four), was denied. A bench trial was held at which BCI, the only remaining defendant, did not appear. The plaintiffs were awarded a judgment against BCI in the amount of $1,392,915.40 under the WARN Act.

The plaintiffs appealed the grants of summary judgment in favor of BCI. The court of appeals affirmed in part, vacated in part, and remanded the case. *Messer v. Bristol Compressors Int'l, LLC*, No. 21-2363, 2023 WL 2759052 (4th Cir. Apr. 3, 2023) (unpublished). It affirmed the grant of summary judgment in favor of BCI on the claims by employees who signed the SBLA. But it vacated the finding in favor of BCI related to the elimination of the severance plan. The court reasoned that the BCI board's method of terminating the plan was insufficient in light of the written procedure BCI had established for amending its employee handbook, which contained the severance plan in whole. Instead, pursuant to the amendment procedures, "the Board was required to have [BCI's Human Resources department] effectuate its elimination of the plan in writing." *Id.* at *3. Lastly, the court vacated the finding in favor of BCI related to the WARN Act claims of the Four. The court found that the Four had been entitled to additional notice because BCI had postponed

their employment termination past the date on which they had initially been told their employment would end. *Id.* at *5–6. It held that BCI was liable for failing to provide that additional notice and that the Four were not required to demonstrate they were prejudiced by that failure.

Following the remand and based on the holdings of the court of appeals, the plaintiffs were awarded an additional $2,407,471.90 under the WARN Act and ERISA. J., No. 1-18CV00040, ECF No. 182. The plaintiffs were also awarded $277,717.81 in attorney's fees and costs. *Messer v. Bristol Compressors Int'l, LLC*, No. 1:18CV00040, 2024 WL 1259270 (W.D. Va. Mar. 25, 2024).

Because the plaintiffs have been unable to collect on their monetary damages awarded against BCI, they now bring a lawsuit against Garrison, its related companies, and various individuals alleged to be managers of Garrison and the other companies.

The defendants move to dismiss the Complaint under multiple theories, including lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief may be granted. They also argue that the Complaint is time-barred and precluded by laches. Because I find that this Court lacks subject-matter jurisdiction, I will not address all of the defendants' arguments.

II. ANALYSIS.

A Rule 12(b)(1) motion challenges the court's authority to proceed with a case, raising a jurisdictional bar. *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018). The plaintiff bears the burden of establishing that subject-matter jurisdiction exists when a defendant challenges jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

Federal courts have limited jurisdiction and are empowered to act only in the specific instances authorized by Congress. *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The court must determine questions of subject-matter jurisdiction before it can address the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Thus, when a party moves to dismiss for lack of subject-matter jurisdiction and for failure to state a claim, the court must address the question of subject-matter jurisdiction first. *Bell v. Hood*, 327 U.S. 678, 682, (1946). The party asserting federal jurisdiction bears the burden of proving jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A defendant may challenge subject-matter jurisdiction in one of two ways. First, a defendant may contend "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). When a defendant makes a facial

-6-

challenge, "the plaintiff, in effect, is afforded the same procedural protection as [they] would receive under a Rule 12(b)(6) consideration." *Id.* (citation omitted). Second, the defendant may argue "that the jurisdictional allegations of the complaint [are] not true." *Id.* (citation omitted). In this situation, "[t]he plaintiff . . . is afforded less procedural protection" and "[a] trial court may then go beyond the allegations of the complaint and . . . determine if there are facts to support the jurisdictional allegations." *Id.* (citation omitted). Because the defendants have made a facial challenge in this present motion, I must accept the facts alleged by the plaintiffs as true and deny the motion if the Complaint alleges sufficient facts to invoke subject-matter jurisdiction.

The plaintiffs' Complaint cites the WARN Act and ERISA as the sources of federal jurisdiction for this case. Compl. 8, ECF No. 1. It demands that judgment be entered against the defendants for the previous judgment against BCI, with an additional million dollars in accumulated interest and costs. The Complaint also demands that the court "[g]rant Plaintiffs receiving WARN Act backpay, the payment of employer wage contributions and the cost for engaging expert accountants for computations of withholding from the backpay compensation and tax filing as required by law." *Id.* at 22. Lastly, it demands that the court "[o]rder an accounting of all financial records and accounts, including liquidation of BCI assets, showing distributions and recipients of all revenue." *Id.*

-7-

The Supreme Court decided in *Peacock v. Thomas* that federal courts do not have "ancillary jurisdiction over new actions in which a federal judgment creditor seeks to impose liability for a money judgment on a person not otherwise liable for the judgment." 516 U.S. 349, 351 (1996). In that case, Thomas, the plaintiff, had previously won an ERISA monetary judgment against Tru-Tech, Inc. He alleged that Tru-Tech, along with an officer and shareholder, D. Grant Peacock, had breached their fiduciary duties in administering a pension benefits plan. He won a judgment against Tru-Tech only, because the district court found that Peacock was not a fiduciary. When Thomas was unable to collect the judgment from Tru-Tech, Thomas brought a second lawsuit against Peacock seeking to pierce the corporate veil. *Id.* at 352. The Supreme Court found that ERISA does not contain an independent cause of action to pierce the corporate veil. *Id.* at 354. Instead, there must be an underlying violation of ERISA to sustain subject-matter jurisdiction. *Id.*

Moreover, piercing the corporate veil is not an independent cause of action under the WARN Act. The law provides a cause of action for people who suffered an "employment loss" as a result of a plant closing or mass layoff. 29 U.S.C. § 2104; *Ramos Pena v. New Puerto Rico Marine Mgmt., Inc.*, 84 F. Supp. 2d 239, 248 (D.P.R. 1999) ("In order to have a cause of action under the WARN Act, the plaintiff must have experienced an employment loss."). The WARN Act states: "A person seeking to enforce such liability . . . may sue either for such person or for other persons

similarly situated, or both, in any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business." 29 U.S.C. § 2104(a)(5). "[S]uch liability" refers to the liability discussed earlier in that subsection, which states that "[a]ny employer who orders a plant closing or mass layoff in violation of section 2102 of this title shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff." 29 U.S.C. § 2104(a)(1). But the WARN Act does not enumerate a cause of action for those seeking to enforce a previously awarded judgment against an insolvent employer.[1] *Exford v. KC Econ. Dev. LLC*, No. 3:17-CV-340-WKW, 2018 WL 1583143 (M.D. Ala. Mar. 30, 2018) (applying *Peacock* to dismiss a claim to collect a previous class action judgment awarded under the WARN Act from successors in interest).

Because the Complaint seeks only to enforce the previous judgment against Garrison, which was never found liable for the WARN Act or ERISA violations, this court does not have subject-matter jurisdiction over the claim, and it must be dismissed without prejudice.

---

[1] To the extent that the plaintiffs argue now that Garrison is an "employer" under the WARN Act, as discussed below, the statute of limitations for any potential claim they may have arising out of the plant closing has run.

The plaintiffs argue that *Peacock* does not apply because their Complaint "does include ERISA violations and defendants who 'otherwise have liability.'" Pls.' Resp. Opp'n Mot. Dismiss 1, ECF No. 35.  I will address each argument in turn.

### A. The Complaint Does Not Include ERISA Violations.

First, the Complaint does not include any new ERISA violation.  The plaintiffs argue that the Complaint

> alleges that Garrison violated ERISA because it refused to pay the ERISA severance pay owed by declaring it terminated when it was not legally terminated. This entitles Plaintiffs to equitable remedies. Severance pay was decided on appeal. The Court of Appeals in its April 3, 2023 opinion found that there was a violation of ERISA. Prior to that time plaintiff's claim in this case had not accrued. On the contrary, the absence of an ERISA *violation* was a basis for the Peacock Court's denial of jurisdiction.

*Id.* at 15.  They argue that this distinguishes the Complaint from *Peacock*, because "[t]he present case seeks payment for a judgment with a specific underlying violation of ERISA by Garrison." *Id.*

The plaintiffs' argument, in other words, appears to be that Garrison violated ERISA and Peacock was found to not have done so, so *Peacock* does not apply.  The plaintiff's basis for their contention that Garrison violated ERISA is that the court of appeals found that BCI violated ERISA.  And the plaintiffs were unable to bring this supposed ERISA violation claim against Garrison before the court of appeals issued its ruling, because that is when their claim against Garrison accrued.

-10-

As explained below, however, the statute of limitations has run for any claim that the plaintiffs may have had against Garrison, or any other named defendant, arising out of the closing of the plant and termination of the severance plan. There is no underlying ERISA violation that the plaintiffs may point to that will confer subject-matter jurisdiction.

### B. None of the Defendants Are "Otherwise Liable" for the Previous Judgment.

Contrary to the plaintiffs' argument, none of the defendants named are "otherwise liable" for the previous judgment. *Peacock*, 516 U.S. at 351. The plaintiffs dismissed Garrison from the previous action. *Messer v. Bristol Compressors Int'l, LLC*, No. 1:18CV00040, 2020 WL 1472217, at *13 (W.D. Va. Mar. 26, 2020). The question of liability of any party besides BCI was not decided. Clearly, the original proceeding never found that any of the current defendants — only one of which was even a party to that first proceeding — were liable to the plaintiffs for the violations of the WARN Act and ERISA attributed to BCI. Because the defendants are "not already liable" for the judgment against BCI, *Peacock* requires that the Complaint be dismissed. *Peacock*, 516 U.S. at 357.

Even if the plaintiffs had not moved to dismiss their claims against Garrison and it had been found liable, the statute of limitations on any WARN Act or ERISA claim arising out of the plant closing has now run.

The appropriate statute of limitations for the WARN Act is the state's most closely analogous statute to the WARN Act. *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 31 (1995). Virginia does not have a similar statute, and while the WARN Act's statute of limitations in Virginia has been an issue rarely considered by courts, one court applied a one-year statute of limitations to follow Virginia's wrongful discharge law. *Luczkovich v. Melville Corp.*, 911 F. Supp. 208, 210 (E.D. Va. 1996). That law was amended to provide for a two-year statute of limitations. *Id.* at 210 n.1. The plant closed in 2018, and the employee severance plan was also terminated in 2018.

The plaintiffs' WARN Act claim accrued in 2018 when their employment was terminated without sufficient notice. *Auto. Mechs.' Local 701 v. Santa Fe Terminal Servs., Inc.*, 830 F. Supp. 432, 434 (N.D. Ill. 1993) ("If the employees' jobs were terminated, their claim accrued on the alleged date of termination."). The plaintiffs had different termination dates, but none were later than November 2018. The plaintiffs brought the current suit on August 29, 2024. Even if the statute of limitations only began to run after Garrison was dismissed from the first case in March 2020, over four years passed between then and the current Complaint's filing. And accounting for COVID-19 tolling — which ended in July 2020[2] — does not

---

[2] *See English v. Quinn*, 92, 880 S.E.2d 35, 41 (Va. Ct. App. 2022) ("The Supreme Court's emergency orders tolled all statutes of limitations from March 16, 2020, through July 19, 2020.").

help.  The plaintiffs allowed any claim against Garrison for a WARN Act violation to lapse when they successfully sought its dismissal from the first case and then failed to prosecute any remaining claim for the following four years.  The statute of limitations has likewise run for all of the defendants newly named here.

The statute of limitations for the plaintiffs' potential ERISA claims has also run.  That limitations period is the earlier of:

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.

29 U.S.C. § 1113.  The plaintiffs here had actual knowledge of the severance plan violation by the time they filed their first lawsuit on October 19, 2018.  This is because they alleged in their Complaint that BCI had terminated their severance plan sometime after July 31, 2018.  Compl. 6, No. 1:18-CV-00040, ECF No. 1.  Again, three years following Garrison's dismissal, even accommodating COVID-19 tolling, does not reach August 2024.

The plaintiffs argue that the claims under both statutes in this action accrued, at the earliest, on April 3, 2023.  Pls.' Resp. Opp'n Mot. Dismiss 4, ECF No. 35.  That is when the court of appeals affirmed in part, vacated in part, and remanded the previous case because it found that BCI should not have been granted summary

-13-

judgment on the severance plan issue. *Messer v. Bristol Compressors Int'l, LLC*, 2023 WL 2759052, at *3. Alternatively, the plaintiffs argue that "the claims in this matter" accrued when this court entered final judgment on January 17, 2024. Pls.' Resp. Opp'n Mot. Dismiss 4, ECF No. 35. But the only "claims in this matter" are to collect on the previous judgment against BCI. *Id.* Naturally, such a claim cannot accrue until a judgment exists to be collected. However, since it has already been established that neither ERISA nor the WARN Act have independent causes of action to pierce the corporate veil, the date that final judgment was entered to motivate a party to bring a veil-piercing claim is irrelevant. The relevant date is the accrual of the claims which may actually confer federal jurisdiction under ERISA and the WARN Act. Since that is no later than the end of 2018, and even accounting for tolling, the limitations period for both has already passed.

Lastly, the plaintiffs claim that Garrison is liable for the judgment against BCI because it "retained counsel to appear on its behalf and on behalf of its subsidiary," BCI. *Id.* at 16. They also claim that Garrison "held the ultimate and complete control over the litigation strategy and as the owner had both an economic stake in the outcome [sic]." *Id.* at 11. First, it is true that Garrison and BCI filed joint motions, but that does not establish that Garrison assumed liability for BCI or was somehow bound to judgments entered against it. And while the plaintiffs claim that

Garrison's counsel stated during a hearing that he represented both Garrison and BCI, a review of the transcript shows that he did not.  He stated the following:

> MR. CHURCHILL:  Good morning, Your Honor.  Mark Churchill with Holland & Knight.  I'm counsel for Garrison Investment Group, LP.  And with me is Alexander Ayar from McDonald Hopkins firm.  And also Brad Stallard from here locally, Penn Stuart, counsel for BCI International, LLC.  And I intend to argue for the defendants jointly.

Reply Mem. Supp. Mot. Dismiss Ex. 1, Hearing Tr. 3–4, ECF No. 42-1.  Counsel for one party arguing jointly for multiple parties at a hearing does not, on its own, saddle the first party with liability for any judgments entered after it was dismissed from the case.

The plaintiffs also cite *Montana v. United States* to argue that Garrison should be held liable for the judgment awarded against BCI.  440 U.S. 147 (1979).  *Montana* found that the interests of conserving judicial resources and consistency in decisions are "implicated when nonparties assume control over litigation in which they have a direct financial or proprietary interest and then seek to redetermine issues previously resolved." *Id.* at 154.  Here, however, Garrison is not trying to "redetermine issues previously resolved." *Id.*  It does not contest BCI's liability, which was previously resolved.  Garrison does contest, in addition to jurisdictional issues, its own liability.  But the issue of Garrison's liability was never resolved because it was dismissed from the case before that could happen.  *Montana* therefore does not support the plaintiffs' position.

The plaintiffs also cite *Souffront v. Compagnie des Sucreries*, which observed that "one who prosecutes or defends a suit in the name of another, to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own . . . is as much bound . . . as he would be if he had been a party to the record." 217 U.S. 475, 487 (1910). But Garrison specifically did not defend the previous suit "in the name of" BCI; those parties were represented by different counsel. *Id.* And Garrison's counsel, when explaining that he would argue jointly, identified BCI's counsel as a different lawyer from a different law firm. Hearing Tr. 3–4, ECF No. 42-1. Jointly filing briefs and jointly arguing at a hearing are not sufficient to hold one party liable for a judgment entered against a different defendant after the first party was dismissed from a case.

Because the defendants here are "not already liable" for the previous judgment, this court does not have the claimed subject-matter jurisdiction. *Peacock*, 516 U.S. at 357. The plaintiffs' Complaint must be dismissed without prejudice.[3]

### III. CONCLUSION.

For the foregoing reasons, the Defendants' Motion to Dismiss, ECF No. 15, is GRANTED. Judgment will be entered forthwith.

---

[3] A dismissal for lack of subject-matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022) (internal quotation marks and citations omitted).

It is so **ORDERED**.

ENTER: May 14, 2025

/s/  JAMES P. JONES
Senior United States District Judge